# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NEVILLE EWELL, II, DONTA DAVIS, and SAMUEL WASHINGTON,**  )<br>)<br>**Plaintiffs,**  )<br>)<br>v.  )<br>)<br>**SHANNON CLARK, OKMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY, LINO DAVIS, and DOES 1-10,**  )<br>)<br>**Defendants.**  ) | Case No. CIV-22-258-JFH |

## ORDER GRANTING MOTION TO QUASH

In this 42 U.S.C. § 1983 action, the Plaintiffs Neville Ewell, II, Donta Davis, and Samuel Washington have named Shannon Clark, the Okmulgee County Criminal Justice Authority ("OCCJA"), Lino Davis, and Does 10-10. This matter is before the Court on Defendant Shannon Clark's Motion to Quash Service and Brief in Support [Docket No. 14]. The motion has now been referred to the undersigned Magistrate Judge for final disposition pursuant to 28 U.S.C. § 636(b)(1). *See* Docket No. 21. For the reasons set forth below, the undersigned Magistrate Judge finds that Defendant Shannon Clark's Motion to Quash Service should be granted.

Defendant Clark ("Defendant") requests that the purported service of process on him be quashed pursuant to Fed. R. Civ. P. 12(b)(4) and (5), for insufficient process and insufficient service of process.

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or,
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Oklahoma law provides that an individual may be served through personal service, by mail, or, in some circumstances, by publication. Okla. Stat. tit. 12, § 2004. *Dunagan v. Lehnus*, 2021 WL 1234522, at *3 (N.D. Okla. Apr. 1, 2021). "[U]nder Oklahoma law, service of process is sufficient if a plaintiff substantially complies with the requirements set forth in § 2004." *Dunagan*, 2021 WL 1234522, at *3 (*citing Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798 (10th Cir. 2008)). Substantial compliance is assessed under the standards of due process when a Court finds that service failed to strictly comply with service requirements. *Hukill*, 542 F.3d at 798 ("When it is alleged that there was want of strict compliance with statutory requirements for service, the court must in every case determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice.") (*quoting Shamblin v. Beasley*, 1998 OK 88, ¶ 12, 967 P.2d 1200, 1209).

"Once the defendant has alleged the invalidity of service of process, 'the plaintiff has the burden of establishing ... [its] validity.'" *Gray v. Ritter*, 2010 WL 4880890, at *3 (W.D. Okla. Oct. 8, 2010) (*quoting Fed. Deposit Ins. Corp v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir.1992) (citations omitted)).  In his motion, the Defendant alleges invalidity of service of process because he believes service was attempted at an address where he does not and did not reside at the time of the attempt.  Additionally, he alleges a second attempt at service was insufficient when a process server provided a copy the Complaint, without a summons, to the Defendant at his place of employment.  He contends that no summons directed at him has ever been provided, and service should therefore be quashed.  The Plaintiff has wholly failed to respond to the motion to quash, and the response time has expired.  The Plaintiff has filed an Alias Summons as to the OCCJA, naming Defendant Clark as the Chief Executive Officer, but this is not a summons directed to Defendant Clark in his individual capacity.  *See* Docket No. 17.

In light of Plaintiff's failure to respond or challenge the Defendant's motion, the undersigned Magistrate Judge finds any challenge by the Plaintiff to have been waived, and that service was therefore insufficient as to Defendant Clark.  *See Parker v. Board of County Commissioners of Shawnee County, Kansas*, 2002 WL 31527763, at *1 (D. Kan. Nov. 5, 2002) ("Because plaintiff has failed to respond to defendants' arguments[,] the court deems plaintiff's claims to have been abandoned or waived by plaintiff's failure to respond.").  The undersigned Magistrate Judge therefore finds that Defendant Clark's Motion to Quash should be granted, but that Plaintiff shall be permitted an opportunity to properly effect service in accordance with Fed. R. Civ. P. 4(e).  *See Pell v. Azar Nut Co.*,

711 F.2d 949, 950 n.2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."). The time limit for service of process is set by Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."), and the undersigned Magistrate Judge notes that the time for service has not yet expired in this case. *See* Docket No. 2, "Complaint," filed September 16, 2022.

## Conclusion

Accordingly, the Defendant Shannon Clark's Motion to Quash Service and Brief in Support [Docket No. 14] is hereby GRANTED. Plaintiff is directed to effect proper service within the time limit set forth by Fed. R. Civ. P. 4(m).

IT IS SO ORDERED this 10th day of November, 2022.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**