# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

NEVILLE EWELL II, et al,

   *Plaintiffs,*

vs.             Case No. 22-CV-258-EFM

SHANNON CLARK, et al,

   *Defendants.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Okmulgee County Criminal Justice Authority's ("OCCJA") Motion to Dismiss (Doc. 13) and Second Motion to Dismiss Plaintiffs' claim against it (Doc. 23). OCCJA argues in both motions that Plaintiffs' claim should be dismissed for insufficient service of process under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. Because Plaintiffs cured every insufficiency, the Court denies both motions as moot.

### I.   Factual and Procedural Background[1]

Plaintiffs Neville Ewell II, Donta Davis, and Samuel Washington bring this civil rights action under 42 U.S.C. § 1983. Plaintiffs' claim arises out of an altercation while incarcerated in

---

[1] The facts are taken from Plaintiffs' Complaint unless otherwise cited and are considered true for the purposes of this Order.

Okmulgee County Jail Moore-Detention Center, during which Plaintiffs were allegedly shot repeatedly with rubber bullets. OCCJA is a public trust of Okmulgee County under Oklahoma law and is responsible for managing the Jail's operations. Plaintiffs allege OCCJA's policies, practices, and customs caused Jail staff to use excessive force in violation of Plaintiffs' Eighth Amendment rights.

Plaintiffs filed their Complaint on September 16, 2022. Plaintiffs first attempted to serve OCCJA on September 23, 2022, by sending a Summons to the Okmulgee County Clerk. In response, OCCJA filed a Motion to Dismiss under Rules 12(b)(2) and 12(b)(5), arguing this service of process was insufficient.

Instead of responding to the Motion, Plaintiffs attempted to serve OCCJA a second time on October 10, 2022. Plaintiffs sent an Alias Summons to Defendant Shannon Clark, Chief Executive Officer of OCCJA. The service was addressed to "Okmulgee County Criminal Justice Authority County Jail." [2] OCCJA then filed a Second Motion to Dismiss under Rules 12(b)(2) and 12(b)(5), again arguing insufficient service of process.[3]

Plaintiffs sent a Second Alias Summons (Doc. 26) addressed to OCCJA, sans the "County Jail" language, on November 14, 2022. Plaintiffs then responded to the Second Motion to Dismiss, arguing that the Second Alias Summons cured any alleged defect and rendered OCCJA's Motion moot. OCCJA filed no reply.

---

[2] Pls.' Alias Summons, Doc. 17.

[3] OCCJA's Second Motion argues that the "County Jail" language improperly served OCCJA. This language was also present in the initial Summons but was not objected to until OCCJA's Second Motion.

## II.    Legal Standard

The Court may dismiss a complaint for insufficient service of process under Fed. R. Civ. P. 12(b)(5).  Sufficiency of service impacts a court's ability to exercise personal jurisdiction over a defendant.[4]  To be sufficient, a summons must be served with a copy of the complaint.[5]  A summons must also "name the court and the parties" and "be directed to the defendant."[6]  Local governmental entities may be properly served if a copy of the summons and complaint is delivered to the organization's CEO or is delivered according to state law.[7]  Service is insufficient when a party serves the wrong person or an individual not permitted to accept service for the defendant.[8]  The general rule is that "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."[9]  Proper service must occur within ninety days after the complaint is filed.[10]

## III.    Analysis

The initial Summons was insufficient.  To properly serve a local governmental entity, Rule 4(j)(2) requires that a copy of the summons and complaint be delivered to the organization's CEO or delivered according to state law.  The initial Summons was delivered to the County Clerk, apparently in an attempt to serve OCCJA's CEO.  But problematically, the County Clerk is not

---

[4] *Bernard v. Husky Truck Stop*, 45 F.3d 439, 439 (Table) (10th Cir. 1995) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.") (internal citation and quotation marks omitted).

[5] Fed. R. Civ. P. 4(c)(1).

[6] Fed. R. Civ. P. 4(a)(1)(A)-(B).

[7] Fed. R. Civ. P. 4(j)(2).

[8] *Pope v. Boy Scouts of America*, 2006 WL 3199423, at *1 (D. Kan. 2006).

[9] *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

[10] Fed. R. Civ. P. 4(m).

OCCJA's CEO.  Plaintiffs themselves recognize this in their Complaint, as they identify Shannon Clark as OCCJA's CEO.  Plaintiffs, however, quickly cured this mistake following OCCJA's first Motion, addressing an Alias Summons, in part, "c/o Shannon Clark, Chief Executive Officer." [11] Therefore, Plaintiffs cured this insufficient service of process and rendered OCCJA's first Motion moot.

But OCCJA contends that the Alias Summons itself was insufficient.  The summons must "name the court and the parties" and "be directed to the defendant." [12]  The Alias Summons was addressed to "Okmulgee County Criminal Justice Authority *County Jail*." [13]  OCCJA argues in its second Motion that this language did not serve OCCJA, but rather a non-existent entity.  The Court is skeptical of OCCJA's argument but need not address it.  Following OCCJA's second Motion, Plaintiffs' Second Alias Summons was sent to OCCJA sans the "County Jail" language. Therefore, Plaintiffs rendered OCCJA's second Motion moot.

The Court concludes that Plaintiffs cured all insufficiencies in its service of process.  The Second Alias Summons reads "Okmulgee County Criminal Justice Authority c/o Shannon Clark, Chief Executive Officer." [14]  It was delivered to OCCJA's CEO, satisfying Rule 4(j)(2).  It also names and is directed to OCCJA, satisfying Rule 4(a)(1)(A)—(B).  OCCJA did not reply to Plaintiffs' Response with any further objection, likely recognizing that service was finally sufficient.  Finally, the proper Second Alias Summons was served within ninety days of the Complaint's filing, as Rule 4(m) requires.  Thus, the Court denies both OCCJA's motions as moot.

---

[11] Pls.' Alias Summons, Doc. 17.

[12] Fed. R. Civ. P. 4(a)(1)(A)-(B).

[13] Pls.' Alias Summons, Doc. 17 (emphasis added).

[14] Pls.' Second Alias Summons, Doc. 26.

**IT IS THEREFORE ORDERED** that OCCJA's Motion to Dismiss (Doc. 13) and Second Motion to Dismiss (Doc. 23) are **DENIED as moot.**

**IT IS SO ORDERED.**

Dated this 26th day of May, 2023.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE